UNITED STATES DISTRICT COURT
WESTER DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT RODRIGUEZ, on Behalf of Himself and Others Similarly Situated, ] <br> ] <br> *Plaintiff*, ] <br> ] <br> v. ] <br> ] <br> STAGE 3 SEPARATION, LLC, ] <br> ] <br> *Defendant*. ] <br> _____ ] | CASE NO. 5:14-603 <br><br><br> COLLECTIVE ACTION |

# COMPLAINT

## SUMMARY

1.  Stage 3 Separation, LLC provides solids control services to the oil and gas industry. To provide its services, Stage 3 employs solids control technicians. Solids control technicians are blue collar workers who maintain and operate solids control equipment (centrifuges, desanders, desilters, etc.). They regularly work more than 40 hours a week, but Stage 3 does not pay them overtime. Instead, Stage 3 simply pays them a flat amount for each day worked. Because this violates the Fair Labor Standards Act (FLSA), Robert Rodriguez and those workers similarly situated to him are owed the unpaid overtime wages and other damages.

## JURISDICTION & VENUE

2.  This Court has federal question subject matter jurisdiction. *See* 28 U.S.C. § 1331 & 29 U.S.C. § 216(b).

3.  Venue is proper because Stage 3 resided, and does business, in this District and a substantial part of the events alleged herein occurred in this District. *See* 28 U.S.C. §§ 1391 (b) & (c). Moreover, Rodriguez worked in and is a resident of this District and Division.

1

**PARTIES**

4.      Rodriguez was a solids control technician employed by Stage 3 within the last three years. Stage 3 paid him according to its day rate policy. He is a resident of Texas, and worked in Texas throughout his employment. Rodriguez's written consent to this action is attached.

5.      Rodriguez brings this action on behalf of himself and all other similarly situated solids control technicians who were paid on Stage 3's day rate system (the "Day Rate Workers").

6.      Stage 3 paid each of the Day Rate Workers a flat amount for each day worked with no overtime premium for hours worked in excess of 40 in a workweek.

7.      Stage 3 is a Texas corporation and it employed Rodriguez and the other Day Rate Workers. It may be served through its registered agent.

**FACTS**

8.      Stage 3 is a closed loop solids control company that provides services to the oil and gas industry.[1]

9.      In each of the past three years, Stage 3' gross revenues exceeded $500,000.

10.     Over the past three years, Stage 3 employed dozens of individuals – including Rodriguez – as Day Rate Workers across Texas. The Day Rate Workers routinely handle goods or materials – such as hard hats, tools, steel toe shoes, automobiles, and cell phones – that moved in, or were produced for, interstate commerce. While the Day Rate Workers' job duties may vary somewhat, these differences are not relevant for determining their rights to overtime pay.

---

[1]     *See* http://s3s.com/

11. Stage 3 has, at all relevant times, paid its Day Rate Workers (including Rodriguez) a day rate for the work they perform. It maintains employment records on them, and can terminate their employment.

12. The Day Rate Workers are only paid for days they work.

13. Stage 3's Day Rate Workers are non-exempt employees. While the precise job duties of the Day Rate Workers may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of 40 in a workweek.

14. An employer can pay non-exempt employees on a day rate basis if the employee receives overtime pay for hours worked in excess of 40 in a week. 29 C.F.R. § 778.112.

15. Stage 3 regularly scheduled Rodriguez, and other Day Rate Workers, for 84 hours of work per week. Rodriguez and the Day Rate Workers regularly worked at least 84 hours in a week.

16. Stage 3 knows its Day Rate Workers work more than 40 hours in a week. Stage 3's records reflect this fact.

17. It is well established that blue collar workers like solids control technicians in general – and these Day Rate Workers in particular – are not exempt from the overtime provisions of the FLSA. Stage 3 also knows its Day Rate Workers are not exempt from the FLSA's overtime provisions (or the provisions of any similar state overtime laws).

18. Nonetheless, Stage 3 does not pay its Day Rate Workers overtime for hours worked in excess of forty in a workweek.

### COLLECTIVE ALLEGATIONS

19. Stage 3's policy of paying non-exempt workers a day rate, with no overtime pay, violates the FLSA.

20. Stage 3's day rate policy affects all the Day Rate Workers in a similar manner. Rodriguez and the other Day Rate Workers are similarly situated for the purposes of their overtime claims.

21. The collective action class is therefore properly defined as:

**All Day Rate Workers employed by Stage 3 since July 3, 2011.**

### FIRST CAUSE OF ACTION – VIOLATION OF THE FLSA

22. By failing to pay Rodriguez and the other Day Rate Workers overtime at one-and-one-half times their regular rates, Stage 3 violated the FLSA's overtime provisions.

23. Stage 3 owes Rodriguez and the other Day Rate Workers the difference between the rate actually paid and the proper overtime rate. Because Stage 3 knew, or showed reckless disregard for whether, its pay practices violated the FLSA, it owes these wages for at least the past three years.

24. Stage 3 also owes Rodriguez and the other Day Rate Workers an amount equal to the unpaid overtime wages as liquidated damages.

25. Rodriguez and the other Day Rate Workers are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

### PRAYER

Wherefore, Rodriguez prays for relief as follows:

1. An order allowing this action to proceed as a representative collective action under the FLSA;

2. Judgment awarding Rodriguez and the other Day Rate Workers all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

    3.      A service award for Rodriguez as permitted by law;

    4.      Pre- and post-judgment interest at the highest rate allowable by law; and

    5.      All such other and further relief to which Rodriguez and the other Day Rate Workers may show themselves to be justly entitled.

          Respectfully submitted,

          **BRUCKNER BURCH PLLC**

             **/s/ David I. Moulton**
By: _____
          David I. Moulton
          Texas Bar No. 24051093
          *Attorney-In-Charge for Plaintiff*
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
dmoulton@brucknerburch.com