IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT RODRIGUEZ, on Behalf of Himself and Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> STAGE 3 SEPARATION, LLC, <br><br> Defendant. | Civ. Act. No. 5:14-cv-603-FB |

## STAGE 3 SEPARATION, LLC'S RULE 12(B)(6) RENEWED MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT & MEMORANDUM IN SUPPORT

**COMES NOW** Defendant Stage 3 Separation, LLC ("**Stage 3**" or "**Defendant**"), by and through its attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss Plaintiff's Amended Complaint [Dkt. #21] as to the collective action claims pursuant to § 216(b) of the Fair Labor Standards Act ("**FLSA**") and the claims purporting to assert a willful violation of the FLSA.

### I.     PROCEDURAL POSTURE

On July 9, 2014, Plaintiff filed his original Complaint [Dkt. #1], purporting to represent a class of employees who, Plaintiff claimed, were all paid day rates without being paid overtime for hours worked in excess of 40 per week. Stage 3 moved to dismiss the Complaint because it was deficient insofar as it (a) failed to adequately describe the purported class with respect to job titles and duties; (b) failed to plead facts to support the allegation that the class members were paid a day rate; and (c) failed to plead facts to support the allegation that Stage 3 had either willfully or recklessly violated the FLSA. Instead of responding to Stage 3's motion to dismiss, Plaintiff filed an Amended Complaint [Dkt. #21]. The Amended Complaint fails to address the

1

deficiencies raised in Stage 3's original Motion to Dismiss, and it should, therefore, be dismissed on the same grounds.

## II. SUMMARY OF DEFICIENCIES IN PLAINTIFF'S AMENDED COMPLAINT

Plaintiff's Amended Complaint once again fails to describe the purported class with the factual detail required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. The Complaint is deficient because Stage 3 cannot proceed with this litigation when it cannot ascertain the identity of the class or the alleged violative pay practice. Courts in this circuit and others have dismissed complaints which suffer nearly identical problems as those in Plaintiff's Amended Complaint.

Most significantly, Plaintiff failed to specify how the purported class members are similarly situated, and has failed to make even basic allegations about their respective job duties. (*See* Am. Compl. ¶¶ 5, 17.) While Plaintiff now alleges via his amendment that "'Trainee,' 'Tech 2,' 'Tech 1,' 'Site Leader,' or 'Field Leader,' perform ***similar job duties*** related to operating and maintaining solids control equipment," Plaintiff fails to elaborate on the particular similarities and differences. (*Id.* (emphasis added).) It is insufficient to allege merely that these employees perform "similar job duties".

Second, while Plaintiff continues to make the conclusory allegation that he and the other purported class members were paid a day rate without overtime, he fails to allege any facts to demonstrate a plausible claim that this is so. Significantly, Plaintiff fails to make any allegations whatsoever about the terms of his employment, **the overtime rates and hours reflected on his pay stubs**, the contents of his timesheets, or the amounts of his bi-weekly paychecks. These are basic, foundational facts of the case, without which it is impossible to determine whether Plaintiff was actually paid a "day rate, with no overtime pay," as he alleges. (*See* Am. Compl. ¶ 13 [Dkt. #21].) Despite Stage 3 having raised this issue in its motion to dismiss the original Complaint, Plaintiff has not bothered to clarify or expound upon his "day rate" allegations. This

is because he cannot do so inasmuch as a day rate was not paid.  Because Plaintiff fails to satisfy even the bare bones requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, the collective action claim must be dismissed pursuant to Federal Rule 12(b).

Finally, Stage 3 moved to dismiss the original Complaint to the extent it sought three years' worth of alleged damages under the FLSA because Plaintiff had failed to plead any facts to support his bald allegation that Stage 3 has recklessly violated the FLSA.  **The Amended Complaint fails to remedy this defect**.  Plaintiff's continued naked assertion that Stage 3 "recklessly" violated the FLSA is the most deficient of all, given that the Amended Complaint fails to allege even a single fact concerning Stage 3's intent with respect to the FLSA and its pay practices.  Plaintiff cannot be allowed to expand discovery to a three-year (rather than two-year) period when absolutely no facts are pled to support a claim for willfulness under the FLSA.  To allow Plaintiff to proceed in this fashion violates the United States Supreme Court's clear reasoning that plaintiffs may no longer rely on conclusory allegations and recitation of statutory elements of a claim to satisfy Federal Rule of Civil Procedure 8(a)(2)'s requirements. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  For all of these reasons, and those that follow, Plaintiff's Complaint should be dismissed in its entirety.

III. <u>**ARGUMENT AND CITATION TO AUTHORITY**</u>

Rule 12(b)(6) requires dismissal of a complaint that fails to state a claim for which relief may be granted. FED. R. CIV. P. 12(b)(6).  Under the pleading requirements outlined in *Iqbal* and *Twombly*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  To survive a motion to dismiss, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*  A complaint satisfies this requirement only if there is "factual content that allows the court to draw a reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* If the "facts" alleged in a complaint are "merely consistent" with those minimally required to establish a defendant's liability, the complaint "stops short of the line between possibility and plausibility." *Id.*

In this case, the scant facts included in the six-page Amended Complaint are insufficient to state a claim that is plausible on its face to allow Plaintiff to proceed with an FLSA collective action, or with a claim that Stage 3's actions were either willful or reckless.

### A. Plaintiff Has Not Sufficiently Pled a Collective Action Pursuant to 28 U.S.C. § 216(b).[1]

By his mere reference to "All Solids Control Technicians," Plaintiff has failed to provide any facts regarding the <u>number</u>, <u>identity</u>, <u>job duties</u> or <u>pay provisions</u> of the members of the purported class which are allegedly similarly situated, and has, therefore, failed to comply with Rule 8 of the Federal Rules of Civil Procedure. (Am. Compl. ¶ 26 [Dkt. #21].) As pled, it is not possible for Stage 3 and the Court to determine who is in the purported collective action, let alone whether they are similarly situated.

Section 216(b) of the FLSA creates a cause of action for employees against employers for violating the statute's overtime compensation requirements. 29 U.S.C. § 216(b). Section 216(b) states that "[a]n action ... may be maintained ... by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." *Id.* Similarly situated employees must hold positions that are <u>similar in all relevant respects</u> to those held by the named plaintiffs. *See Hickson v. United States Postal Service*, Civ. Act. No. 5:09-cv-83, 2010 WL 3835887, at *21 (E.D. Tex. July 22, 2010) (emphasis added). In order to bring an FLSA claim

---

[1] Similar complaints filed by Plaintiff's counsel have been deficient and counsel has been forced to correct his defects. *See*, *e.g.*, November 1, 2013 Docket Order requiring amendment of the Complaint, *Hansen, et al. v. Total Screen Solutions, et al.*, Civ. Act. No. 2:13-cv-00242, United States District Court, Southern District of Texas, Corpus Christi Division.

4

for oneself and on behalf of all other "similarly situated employees," it is axiomatic that "the complaint should indicate <u>who those other employees are</u>, and <u>allege facts that would entitle them to relief</u>." *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) (emphasis added) (citing 29 U.S.C. § 216(b)); *Jones v. Casey's General Stores*, 538 F. Supp. 2d 1094 (S.D. Iowa 2008). This means that the complaint must contain a factual basis for determining whether the other employees in a purported collective action are similarly situated. *See Pickering v. Lorillard Tobacco Co., Inc.*, 2011 WL 111730, at * 3 (M.D. Ala. Jan. 13, 2011)[2]; *Zhong*, 498 F. Supp. 2d at 628 (dismissing collective action aspect of complaint where plaintiff did not name or reference other alleged similarly situated employees and provides no factual basis from which the court can determine whether similarly situated plaintiffs actually exist).

Although the Fifth Circuit has not yet decided a case similar to this one, district courts in this Circuit and other circuits have dismissed putative class claims under nearly identical circumstances as those found here by relying on *Iqbal* and *Twombly*. *See*, *e.g.*, *Creech v. Holiday CVS, LLC*, Civ. Act. No. 11-46-BAJ-DLD, 2012 WL 4483384, at *3 (M.D. La. Sept. 28, 2012)[3]; *Pickering*, 2011 WL 111730, at *3.

For example, in *Creech*, the court dismissed the plaintiff's collective action claims for failing to state a claim for relief under the standard articulated in *Iqbal* and *Twombly*. The *Creech* complaint contained allegations that the defendant employed "other individuals as shift supervisors who perform(ed) the same or similar job duties under the same pay provision as

---

[2] A true and correct copy of *Pickering v. Lorillard Tobacco Co., Inc.*, 2011 WL 111730 (M.D. Ala. Jan. 13, 2011) is attached hereto as **Exhibit A**.

[3] A true and correct copy of *Creech v. Holiday CVS, LLC*, No. 11–46–BAJ–DLD, 2012 WL 4483384, at *1 (M.D. La. Sept. 28, 2012) is attached hereto as **Exhibit B**.

plaintiff and the class members."[4] (Ex. E, ¶21.) The *Creech* complaint also set forth a four paragraph section titled "Collective Action Allegations," which stated that the putative class members "were not compensated at time and one half for all hours worked in excess of 40," and that this failure was a result of "a policy or practice of failure to assure [sic] that shift supervisors are paid for all overtime hours…." (Ex. E ¶23-24.) In dismissing the collective action claims, the court found that the complaint, just as in the instant case, "**fails to provide any such description or details about the other proposed parties who are alleged to be 'similarly situated**.'" *Creech*, 2012 WL 4483384, at *3 (emphasis added). The court determined that the complaint simply was "not descriptive enough to give rise to a plausible right to relief." *Id.*

Likewise, in *Pickering*, the court dismissed the plaintiff's complaint for failure to state a claim under 29 U.S.C. § 216(b) of the FLSA.[5] Similar to the instant case, the Complaint in *Pickering* set forth a section titled "Plaintiff's Collective Action Allegations" and a separate section titled, "FIRST CLAIM FOR RELIEF (FLSA, 29 U.S.C. 207, 216(b))." (Ex. F, *Pickering* complaint, p. 2). The *Pickering* court, however, found that the plaintiff's allegations <u>failed to state a claim</u> for collective relief because **"there [was] no description of the job duties (or even the job titles) of the proposed similarly situated employees in the Complaint,"** and neither were there "any allegations concerning the similarly situated employees' pay provisions." *Pickering*, 2011 WL 111730, at *2 (emphasis added). Instead, "Plaintiff merely seeks relief on behalf of 'all similarly situated employees.'" *Id.* In reaching its decision, the court found the following specific allegations were insufficient to state a claim: that the defendant's failure to

---

[4] A true and correct copy of the **Complaint** from *Creech v. Holiday CVS, LLC*, No. 11–46–BAJ–DLD, 2012 WL 4483384, at *1 (M.D. La. Sept. 28, 2012) is attached hereto as **Exhibit C**.

[5] A true and correct copy of the **complaint** from *Pickering v. Lorillard Tobacco Co., Inc.*, is attached hereto as **Exhibit D**.

pay plaintiff overtime for work in excess of 40 hours in a week was part of an "illegal and wrongful pattern or practice on the part of the Defendant with regard to overtime compensation for employees…"; that "all other similarly situated employees employed by Defendant were subjected to the same wrongful practice and procedure"; and that "Defendant's practice of failing to pay overtime compensation for all work in excess of forty (40) hours to non-exempt employees was, and is, in violation of the FLSA." *See Pickering*, 2011 WL 111730, at * 3; (Ex. F, *Pickering* complaint, ¶¶ 12, 13, 16, 20).

In *St. Croix v. Genentech, Inc.*, Civ. Act. No. 8:12-cv-891-T-33EAJ, 2012 WL 2376668, at *2-3 (M.D. Fla. June 22, 2012),[6] the court dismissed the plaintiff's complaint for nearly identical deficiencies as those found in *Pickering* **and those present here**, finding that the plaintiff failed to sufficiently allege the basis for a collective action on behalf of others similarly situated. Specifically, the court held:

> St. Croix fails to set forth any facts supporting her allegations that other Genentech employees are or were similarly situated. **She provides only her job title, which is not the same as a job description**. Furthermore, the Complaint provides **no description of the job duties (or even the job titles)** of the alleged similarly situated employees. **Nor are there any allegations concerning the similarly situated employees' pay provisions**. St. Croix merely seeks relief on behalf of "numerous individuals who were similarly situated" a legal conclusion that does not satisfy *Twombly* and *Iqbal* pleading standards.

*St. Croix*, 2012 WL 2376668, at *3 (internal citations omitted) (emphasis added).

Another illustrative case is *Landry v. Peter Pan Bus Lines, Inc.*, Civ. Act. No. 09-cv-11012-RWZ, 2009 WL 9417053, *1-2 (D. Mass. Nov. 20, 2009).[7] In *Landry*, the defendant did not challenge the plaintiff's individual claims. *Id.* Rather, it alleged that the plaintiff's complaint

---

[6] A true and correct copy of *St. Croix v. Genentech, Inc.,* 2012 WL 2376668 (M.D. Fla. June 22, 2012) is attached hereto as **Exhibit E**.

[7] A true and correct copy of *Landry v. Peter Pan Bus Lines, Inc.*, Civ. Act. No. 09-cv-11012-RWZ, 2009 WL 9417053, *1-2 (D. Mass. Nov. 20, 2009) is attached hereto as **Exhibit F**.

7

failed to "set forth factual allegations creating a 'plausible' entitlement to relief for anyone other than himself." *Id.* Specifically, the plaintiff alleged "that an unspecified number of individuals, working in unspecified jobs, at unspecified places, were compensated according to an unspecified policy or practice, resulting in an underpayment of wages in violation of the FLSA." *Id.* Based on this deficient pleading, the court dismissed the collective action allegations in the complaint. *Id.*

**Here, Plaintiff's Amended Complaint is plagued by the same fatal flaws that resulted in the dismissal of the collective action claims in *Creech*, *Pickering*, *St. Croix* and *Landry* because it merely recites the words of the statute [that the employees are similarly situated and are paid in violation of the FLSA] without adding any factual allegations to make the claim for entitlement to class relief plausible**. (*See* Am. Compl. ¶¶ 17, 25-26 [Dkt. #21].) Specifically, in three rather anemic paragraphs, Plaintiff alleges:

> 24. Defendants' policy of paying non-exempt workers a day rate, with no overtime pay, violates the FLSA.
>
> 25. Defendants' policy of paying a day rate with no overtime pay affects all the Solids Control Technicians in a similar manner because, as explained above, the Solids Control Technicians perform similar, non-exempt job duties related to the maintenance and operation of solids control equipment and they regularly work over forty hours per week. Accordingly, they are each owed overtime pay for the same reason. Rodriguez and the other Solids Control Technicians are similarly situated for the purposes of their overtime claims.
>
> 26. The collective action class is therefore properly defined as:
>
> **All Solids Control Technicians employed by Defendants since July 3, 2011.**

8

(Am. Compl. ¶¶ 24-26 [Dkt. #21].)[8] Paragraph 24 merely alleges that Stage 3 has a "policy" of paying its FLSA non-exempt workers a day rate with no overtime, but Plaintiff fails to allege specific facts which would lend credence to this bare allegation. (Am. Compl. ¶ 24 [Dkt. #21].) Plaintiff does not explain what Stage 3's alleged policy is, where it is stated, how it is worded, or how it allegedly works. (Compl. ¶ 24 [Dkt. #21].) As in *St. Croix*, if there are "no allegations concerning the similarly situated employees' pay provisions," dismissal is warranted. *St. Croix*, 2012 WL 2376668, at *3.

Similarly, in Paragraph 25, the Complaint alleges that Stage 3's alleged policy affects all the "Day Rate Workers in a similar manner," and that "Rodriguez and the other Solids Control Technicians are similarly situated for the purposes of their overtime claims." (Am. Compl. ¶ 25 [Dkt. #21].) This is just like *Pickering* and *St. Croix* inasmuch as Plaintiff fails to provide a description of the job duties of the members of the putative collective action or specific facts regarding the hours they may have worked or the means by which they were paid. *See Pickering*, 2011 WL 111730, at *2; Ex. B, *Pickering* complaint; *St. Croix*, 2012 WL 2376668, at *3; Ex. I, St. Croix complaint. Plaintiff fails to make any allegations whatsoever concerning the terms of his or the other Stage 3 employees' employment, the contents of their pay stubs, the methods of pay reflected on their payroll records, or locations or conditions of their work, the identities of their managers, the manner in which their pay was calculated, or even the amount of his own alleged "day rate," let alone the alleged day rates of employees to whom he claims to be "similarly situated." (*Id.*) For that matter, Plaintiff has not even alleged how his own employment agreement, pay stubs and timekeeping data would purportedly support an individual FLSA claim for unpaid overtime wages. (*Id.*) Without supporting factual detail, Plaintiff's bald

---

[8] A true and correct copy of the **complaint** from *St. Croix v. Genentech, Inc.*, is attached hereto as **Exhibit G**.

9

allegations that he was paid a day rate without overtime is insufficient to state a collective action claim under the FLSA. *Pickering*, 2011 WL 111730, at *2; *St. Croix*, 2012 WL 2376668, at *3. Rather, it is a mere legal conclusion, which is accorded no weight in the context of a Rule 12(b)(6) motion. *See St. Croix*, 2012 WL 2376668, at *3. This is especially true, given that Plaintiff's pay stubs in this case actually do reflect the payment of overtime, as the Court will soon see.

Finally, Plaintiff's individual claims are not pled with enough specificity to survive a Rule 12(b)(6) motion given the decisions of courts in this Circuit and others. *See, e.g., Crabtree v. Ibarra* 2011 WL 649997 (S.D. Tex. Feb. 10, 2011); *Zhong*, 498 F.Supp.2d at 628 ("the complaint should, at least approximately, allege the hours worked for which [overtime] wages were not received"); *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102 (S.D. Iowa 2008) (complaint alleging that assistant managers were not paid overtime, that the defendant "regularly and repeatedly" failed to pay plaintiff for all hours actually worked, and that the defendant failed to keep accurate time records to avoid paying plaintiffs overtime wages was "implausible on its face"); *Villegas v. J.P Morgan Chase & Co.*, 2009 WL 605833 (N.D. Cal. Mar. 9, 2009) (plaintiff's "factual" statement that she did not receive properly computed overtime wages was insufficient to state a claim under the FLSA); *Harding v. Time Warner, Inc.*, 2009 WL 2575898 (S.D. Cal. Aug. 18, 2009) (allegations that the employer willfully failed to "pay and properly calculate overtime," "keep accurate records of all hours worked by its employees," and "provide all wages in a compliant manner" were "conclusory allegations as defined by *Twombly*" and would be assigned "no weight"). The instant case is far more deficient than the cases cited here. Plaintiff has not pled basic facts that would be necessary to state his individual claim with plausibility, including the terms of his employment regarding payment of wages, the amount of

unpaid overtime he claims to have worked, and how his wages were calculated as compared to how he contends his wages actually should have been calculated. Clearly, Plaintiff fails to satisfy the pleading requirements of *Iqbal* and *Twombly*, and his claims should be dismissed. "To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008).

B. **Plaintiff Has Not Properly Pled a Willful or Reckless Violation of the FLSA.**

Plaintiff provides absolutely no factual basis for his allegation that Stage 3's purported FLSA violations were either willful or reckless. Instead, in a single paragraph of the Complaint, Plaintiff alleges:

> 23. Defendants owe Rodriguez and the other Solids Control Technicians the difference between the rate actually paid and the proper overtime rate. Because Defendants knew, or showed reckless disregard for whether, their pay practices violated the FLSA, they owes these wages for at least the past three years.

(Am. Compl. ¶ 28 [Dkt. #21].) Nowhere in Plaintiff's Complaint does he allege facts which, if true, would support the conclusion that Stage 3 acted recklessly. As such, Plaintiff has failed to state a claim for a willful or reckless violation of the FLSA, and this portion of Plaintiff's Complaint must be dismissed. *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 921-922 (D. Ariz. 2010) (failure to provide a factual basis for a claim that a defendant's actions were a willful violation of the FLSA subjects such a claim to automatic dismissal under *Iqbal*); *Wood v. Kaplan Props., Inc.*, 2009 WL 3230267, at *6 (D.N.J. Sept. 29, 2009)[9] ("in accordance with *Iqbal*, it is

---

[9] A true and correct copy of *Wood v. Kaplan Props., Inc.*, 2009 WL 3230267 (D.N.J. Sept. 29, 2009) is attached as **Exhibit H**.

insufficient to merely assert that the employer's conduct was willful").

## C. **Plaintiff Did Not File His Amended Complaint in Good Faith.**

Plaintiff's scanty Amended Complaint is cause for concern, especially given that he failed to cure so many of the defects addressed in Stage 3's original motion to dismiss. Even a cursory review of Plaintiff's pay stubs reveal that he was paid an hourly rate, plus overtime. Plaintiff's counsel should know this to be true, assuming they complied with their Rule 11 obligation to conduct a reasonable fact investigation prior to filing suit.

In relevant part, Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, **formed after an inquiry reasonable under the circumstances**:
>
> * * *
>
> **(3) the factual contentions have evidentiary support** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery….

FED. R. CIV. P. 11(b) (emphasis added).

If Plaintiff's counsel failed to take the reasonable step of inspecting Plaintiff's pay stubs which itemize Plaintiff's hourly rate, plus overtime, such willful ignorance would likely violate Rule 11(b)(3). "In [a] case brought under the FLSA, a reasonable pre-filing inquiry necessarily would include a substantive inquiry with Plaintiff regarding her attendance at work, including absences for vacations, medical leave, etc., and a request to Plaintiff's employer to inspect or copy Plaintiff's time sheets, payroll records, and other relevant records that an employer is required to maintain." *Brown v. M/I Homes of Orlando, LLC*, Civ. Act. No. 608-CV-528-ORL-28KRS, 2008 WL 5099695, *2-3 (M.D. Fla. Nov. 26, 2008) (recommending the Court to impose Rule 11 sanctions against the plaintiff's counsel in a FLSA case).

Alternatively, if Plaintiff's counsel ***did*** inspect Plaintiff's pay stubs, counsel would have seen that Stage 3's payment of an hourly wage plus overtime contradicts the "day rate" allegations made in the Complaint. Continuing to pursue an FLSA claim based on a "day rate" allegation in the face of contradictory evidence would also violate Rule 11(b)(3). *Bailey v. Papa John's USA, Inc.*, 236 F. App'x 200, 203-05 (6th Cir. 2007) (granting attorney's fees under Rule 11 and 28 U.S.C. § 1927 in an FLSA case because Plaintiff's counsel should have known that the Plaintiff did not have a viable FLSA claim).

## IV. CONCLUSION

Stage 3 should not be forced to incur the cost of defending a purported collective action if the Plaintiff cannot plead facts sufficient to show even a plausible entitlement to proceed on that basis. Plaintiff's failure to state facts which would support a plausible claim for relief under 29 U.S.C. § 216(b) should result in the dismissal of the Complaint.

*(Signature appears on next page)*

Respectfully submitted this 19th day of September, 2014.

        **CHAMBERLAIN HRDLICKA**
         **WHITE WILLIAMS & AUGHTRY**

  By: *s/ F. Beau Howard*
      Annette A. Idalski
      Texas Bar No. 00793235
      Federal I.D. No. 1130754
      *Pro Hac Vice*
      F. Beau Howard
      Georgia Bar No. 142641
      *Pro Hac Vice*
      191 Peachtree Street, N.E., 34th floor
      Atlanta, GA 30303-1747
      Telephone: (404) 658-5386
      annette.idalski@chamberlainlaw.com
      beau.howard@chamberlainlaw.com

  By: *s/ Mel E. Myers*
      Mel E. Myers
      Texas Bar No. 24085037
      Charles J. Muller
      Texas Bar No. 14649000
      112 East Pecan Street, Suite 1450
      San Antonio, Texas 78205
      (210) 253-8383
      (210) 253-8384 (facsimile)
      mel.myers@chamberlainlaw.com
      chad.muller@chamberlainlaw.com

      *Counsel for Defendant Stage 3 Separation, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT RODRIGUEZ, on Behalf of Himself and Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STAGE 3 SEPARATION, LLC, )<br>)<br>Defendant. )<br>) | Civ. Act. No. 5:14-cv-603-FB |

## CERTIFICATE OF SERVICE

This is to certify that on September 19, 2014, I electronically filed the foregoing **Stage 3 Separation, LLC's Rule 12(b)(6) Renewed Motion to Dismiss Plaintiff's Amended Complaint & Memorandum in Support** through the Court's CM/ECF system which will send a notice of electronic filing to counsel of record, as follows:

Michael A. Josephson
Fibich, Leebron, Copeland, Briggs & Josephson, LLP
1150 Bissonnet
Houston, TX 77005
mjosephson@fibichlaw.com

Richard J. Burch
Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, TX 77046
rburch@brucknerburch.com

David Isaac Moulton
Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, TX 77046
dmoulton@brucknerburch.com

       **CHAMBERLAIN HRDLICKA
        WHITE WILLIAMS & AUGHTRY**

     By: *s/ F. Beau Howard*
        F. Beau Howard
        Georgia Bar No. 142641
        *Pro Hac Vice*