IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT RODRIGUEZ, on Behalf of Himself and Others Similarly Situated, </br></br>  Plaintiff, </br></br> v. </br></br> STAGE 3 SEPARATION, LLC, </br></br>  Defendant. | Civ. Act. No. 5:14-cv-603-FB |

## DEFENDANT FRED LAUSEN, JR.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULES 12(B)(4), (5) AND (6) AND INTEGRATED MEMORANDUM OF LAW IN SUPPORT

**COMES NOW** Defendant Fred Lausen, Jr. ("**Mr. Lausen**" or "**Defendant**"), by and through his attorneys, and files this Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(4), (5) and (6) of the Federal Rules of Civil Procedure for insufficient service of process, insufficiency of process and for failure to state a claim for which relief can be granted, and respectfully shows the Court as follows:

### I. INTRODUCTION

The Amended Complaint should be dismissed against Mr. Lausen because he has not been served with process and because the process allegedly served upon him is insufficient. Additionally, Plaintiff fails to state a claim upon which relief can be granted.

### II. STATEMENT OF RELEVANT FACTS

Mr. Lausen is an individual Defendant who has been sued in his personal capacity. The Court issued a Summons to Mr. Lausen on September 10, 2014. [Dkt. #26.] On October 8, 2014, at 5:27 p.m. CDT, Plaintiff's counsel filed a purported affidavit of service respecting Mr. Lausen. [*See* Dkt. #33.] A copy of the affidavit of service is attached as **Exhibit A** hereto

1

for the Court's ease of reference. The affidavit was signed by Plaintiff's process server, Lucious G. Buggs, IV, on October 7, 2014, the day before it was filed. (*Id.*) Mr. Buggs's affidavit states that he attempted to serve Mr. Lausen at his place of business approximately three weeks prior to the executing and filing of his affidavit of service, as follows:

> Delivery of Summons was made by leaving summons at the individuals work place with DEBORAH LAMONICA, a person of suitable age and discretion who works there as his Assistant on **SEPTEMBER 17, 2014** at **4:05PM** at **2000 SILBER RD., HARRIS COUNTY, HOUSTON, TEXAS 77055**.

(*Id.*) Mr. Lausen did not receive a copy of the Summons and Amended Complaint in this case, and the filing of Mr. Buggs's affidavit of service at this late hour today is the first that either Mr. Lausen or his undersigned counsel have heard from Plaintiff concerning attempted service on Mr. Lausen. Because Mr. Lausen has had no prior notice of service, and because Plaintiff delayed filing the purported affidavit of service until after the close of business on the day when Mr. Lausen's responsive pleading is supposedly due (*i.e.*, today), Mr. Lausen has been forced to file this Motion to Dismiss with approximately four (4) hours of notice.

### III. ARGUMENT & CITATION OF AUTHORITY

#### A. Mr. Lausen Has Not Been Served With Process and the Complaint Should Therefore be Dismissed Pursuant to Federal Rule 12(b)(5)

Service of process on an individual defendant within the United States must be effected pursuant to Federal Rule of Civil Procedure 4(e), which states as follows:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

2

> **(2)** doing any of the following:
>
> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>
> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). None of these methods of service were completed on Mr. Lausen.

First, as shown by the affidavit of service, Mr. Buggs did not serve Mr. Lausen personally. [Dkt. #33.] Rather, Mr. Buggs served someone he believed to be Mr. Lausen's "Assistant" at work. (*Id.*) Plaintiff's attempted service on Deborah Lamonica fails to comply with Rule 4(e)(2)(A), which would require service on Mr. Lausen personally. FED. R. CIV. P. 4(e)(2)(A).

Second, according to the affidavit of service, Mr. Buggs did not serve Mr. Lausen at his "dwelling or usual place of abode." Instead, Mr. Buggs attempted service at "**2000 SILBER RD., HARRIS COUNTY, HOUSTON, TEXAS 77055**," which is Stage 3's office address as opposed to Mr. Lausen's home address. [Dkt. #33.] Mr. Lausen does not "dwell" at Stage 3. Likewise, Deborah Lamonica does not "dwell" at Stage 3's office. Thus, Plaintiff failed to serve process pursuant to Rule 4(e)(2)(B).

Third, Ms. Lamonica is not an "agent authorized by appointment or by law to receive service of process" for Mr. Lausen, nor does Mr. Buggs's affidavit of service state that she is. Thus, Plaintiff failed to serve process pursuant to Rule 4(e)(2)(C).

In addition, Rule 4(e)(1) would permit process to be served consistent with Texas law. Texas Rule of Civil Procedure 106 would permit service of process as follows:

> (a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by
>
> (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or
>
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.
>
> (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service
>
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
>
> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106. Plaintiff has not successfully served process consistent with any subpart of Texas Rule 106.

Texas Rule 106(a)(1) requires personal delivery of process to a defendant, whereas Texas Rule 106(a)(2) permits service of process by certified mail. *See In re Sloan*, 214 S.W.3d 217, 222 (Tex. App. 2007). As seen in Mr. Buggs's affidavit, and as discussed above, neither of these methods of service occurred in this case. [Dkt. #33.]

"A party who seeks to serve another by a means other than personal service must follow the requirements set out in Tex. R. Civ. P. 106(b)." *In re Sloan*, 214 S.W.3d 217, 222 (Tex. App. 2007). Plaintiff cannot serve Mr. Lausen by substituted service at his office without first strictly complying with Texas Rule 106(b). *See Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)

(holding that the defendant could not have been "served in compliance with Rule 106(b) because substitute service was not properly authorized absent the affidavit explicitly required by the rule").

Because Plaintiff has failed to serve Mr. Lausen in compliance with Federal Rule 4(e) or Texas Rule 106, the Complaint against him must be dismissed pursuant to Federal Rule 12(b)(5).

### B. Process Was Insufficient and the Complaint Should Therefore be Dismissed Pursuant to Federal Rule 12(b)(4)

As quoted above, Mr. Buggs's affidavit does not state that both the Summons and Amended Complaint were served on Mr. Lausen. Rather, Mr. Buggs has merely attested to attempting service of the Summons. [Dkt. #33.] Federal Rule 4(c)(1) requires that "[a] summons must be served **with a copy of the complaint.**" FED. R. CIV. P. 4(c)(1) (emphasis added). Plaintiff's return of service does not reflect service of both the Summons and the Complaint as required, and Mr. Lausen has never received either document. Thus, the Complaint against Mr. Lausen should be dismissed for insufficiency of process pursuant to Federal Rule 12(b)(4).

### C. Plaintiff Fails to State a Claim Upon Which Relief Can be Granted Pursuant to Federal Rule 12(b)(6)

Without waiving his Motion to Dismiss for insufficient service of process and insufficiency of process pursuant to Rules 12(b)(4) and 12(b)(5), Mr. Lausen joins the Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) filed by Defendant Stage 3 [Dkt. #28], a copy of which is attached as **Exhibit B** hereto. Mr. Lausen incorporates by reference and joins in the entire Motion to Dismiss Plaintiff's Amended Complaint at Dkt. #28 and all arguments set forth therein. Therefore, for all of the reasons stated in Exhibit B, Plaintiff fails to state a claim upon which relief can be granted under

Rule 12(b)(6) of the Federal Rules of Civil Procedure and his Amended Complaint should be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Mr. Lausen respectfully requests that he Court dismiss the Amended Complaint against him for insufficient service of process and insufficiency of process pursuant to Federal Rules 12(b)(5) and 12(b)(4) respectively, and for Plaintiff's failure to state a claim for which relief can be granted pursuant to Federal Rule 12(b)(6).

Respectfully submitted this 8th day of October, 2014.

                                **CHAMBERLAIN HRDLICKA**
                                  **WHITE WILLIAMS & AUGHTRY**

By: *s/ F. Beau Howard*
     Annette A. Idalski
     Texas Bar No. 00793235
     Federal I.D. No. 1130754
     *Pro Hac Vice*
     F. Beau Howard
     Georgia Bar No. 142641
     *Pro Hac Vice*
     191 Peachtree Street, N.E., 34th floor
     Atlanta, GA 30303-1747
     Telephone: (404) 658-5386
     annette.idalski@chamberlainlaw.com
     beau.howard@chamberlainlaw.com

By: *s/ Mel E. Myers*
     Mel E. Myers
     Texas Bar No. 24085037
     Charles J. Muller
     Texas Bar No. 14649000
     112 East Pecan Street, Suite 1450
     San Antonio, Texas 78205
     (210) 253-8383
     (210) 253-8384 (facsimile)
     mel.myers@chamberlainlaw.com
     chad.muller@chamberlainlaw.com

     *Counsel for Defendants Stage 3*
     *Separation, LLC and Fred Lausen, Jr.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT RODRIGUEZ, on Behalf of Himself and Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> STAGE 3 SEPARATION, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civ. Act. No. 5:14-cv-603-FB |

## CERTIFICATE OF SERVICE

This is to certify that on October 8, 2014, I electronically filed the foregoing **Defendant Fred Lausen, Jr.'s Motion to Dismiss Pursuant to Rules 12(b)(4), (5) and (6) and Integrated Memorandum of Law in Support** through the Court's CM/ECF system which will send a notice of electronic filing to counsel of record, as follows:

Michael A. Josephson
Fibich, Leebron, Copeland, Briggs & Josephson, LLP
1150 Bissonnet
Houston, TX 77005
mjosephson@fibichlaw.com

Richard J. Burch
Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, TX 77046
rburch@brucknerburch.com

David Isaac Moulton
Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, TX 77046
dmoulton@brucknerburch.com

                                          **CHAMBERLAIN HRDLICKA
                                          WHITE WILLIAMS & AUGHTRY**

                             By: *s/ F. Beau Howard*
                                     F. Beau Howard
                                     *Pro Hac Vice*