IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT RODRIGUEZ, on behalf of himself and others similarly situated, | § § | |
| Plaintiff, | § § | 5:14-CV-603-RP |
| v. | § § | |
| STAGE 3 SEPARATION, LLC, *et al.*, | § § | COLLECTIVE ACTION |
| Defendants. | § § | |

## <u>ORDER</u>

Before the Court are Named Plaintiff Robert Rodriguez's Partially Unopposed Motion for Conditional Class Certification and Notice filed February 24, 2015 (Dkt. #54) and Defendants Stage Three Separation, LLC and Fred Lausen's Response in Opposition to the Motion filed February 27, 2015 (Dkt. #55). After thoroughly considering the motions, the Court finds that Plaintiff's motion should be granted.

This is a collective action for unpaid overtime brought under the Fair Labor Standards Act (FLSA). Plaintiff now seeks to conditionally certify the class. The parties have only one point of contention: the method by which notice of the collective action should be circulated to potential opt-in plaintiffs. (Resp., at 1). Plaintiff seeks to circulate notice via both United States Postal Service First Class Mail ("U.S. Mail") and email. (Pl.'s Mot., at 2). Defendants argue that notice should only be provided via U.S. Mail. (Resp, at 2). Defendants raise four arguments against allowing email notice to potential plaintiffs: (1) that Plaintiff has not produced any evidence that notice via U.S. Mail would be insufficient, *id.* at 3; (2) that potential plaintiffs have a privacy interest in their personal email addresses which ought to be protected, *id.* at 8; (3) that there would be a risk that the cover email or notice could be modified and forwarded from the intended recipients to others for improper purposes, *id.* at 11; and (4) that duplicate notice would improperly impress upon the potential plaintiff that the Court is encouraging them to join the

1

litigation, *id.* at 14. Plaintiff, on the other hand, maintains email notice is necessary in this case because many of the potential class members are oilfield workers who can be away from home for weeks or months at a time. (Pl.'s Mot., at 3).

Defendants' most salient argument against email notice is that electronic communications can be easily "edited and forwarded to unintended recipients containing unintended text." (Resp., at 11). Since the notice is being sent as a PDF, however, it can't be manipulated as easily as a standard email. And though a PDF can still be edited, a notice sent via U.S. Mail could also be edited by someone with a rudimentary understanding of how to operate scanners and image editing software. Moreover, even if someone were to edit the notice and send it to an unintended recipient, Defendants have failed to explain how this would detrimentally impact themselves or the present litigation.

Numerous courts have found that notice via email is appropriate in FLSA collective actions. *E.g.*, *Jones v. JGC Dallas LLC*, No. 3-11-CV-2743-O, 2012 WL 6928101, at *5 n.9 (N.D. Tex. Nov. 29, 2012); *cf. Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 254 F.R.D. 294, 301 (W.D. Tex. 2008) (permitting email notification in a Rule 23 class action). The Court agrees with Plaintiff that email notification can be particularly beneficial in situations where potential opt-in plaintiffs are away from home for extended periods of time, and Defendants do not dispute Plaintiff's claim that working on an oilfield would require a person to be away from home for weeks or months at a time. So ultimately the concerns raised by Defendants do not outweigh the benefit of ensuring that each potential opt-in plaintiff receives adequate notice of the collective action.[1]

Since the parties agree on all other matters, **IT IS ORDERED THAT**:

---

[1] The Court notes that in 2015 it should rarely be entertaining arguments about the appropriateness of email notice. Email is not the wave of the future; email is the wave of the last decade and a half. Many people use their email address as their primary point of contact, and in almost every situation, more opt-in plaintiffs will be on notice of a pending collective action if the potential class members are also notified via email.

1.    Named Plaintiff Robert Rodriguez's Partially Unopposed Motion for Conditional Class Certification and Notice (Dkt. #54) is **GRANTED**.

2.    The Parties' Joint Motion to Expedite Consideration of Plaintiff's Partially Unopposed Motion For Conditional Collective Action Certification and Notice (Dkt. #56) is **DISMISSED** as moot.

3.    The Court hereby conditionally certifies the following class of similarly situated persons, pursuant to 29 U.S.C. § 216(b), for purposes of this case:

> All current and former Stage 3 Separation, LLC employees who worked in any of the following positions at any time during the last three years from the date of entry of this Order: Field Techs, Solid Control Tech, Trainee, Tech 2, Tech 1, Service Tech, Site Leader or Field Leader.

4.    The Defendants shall provide the last known names, physical addresses, and email addresses of the potential class members to Plaintiff's counsel no later than 14 days after the date of this Order.

5.    Plaintiff's counsel shall distribute the Notice of Overtime Lawsuit (including the attached Consent to Join) in the form attached to Plaintiff's Partially Unopposed Motion to the potential class members via mail and/or email no later than 28 days after the date of this Order. Any mailed Notice shall be limited to the Notice and an addressed, postage-sized envelope. Any email Notice shall be limited to the Notice with the following message: "Attached please find a Notice of Overtime Lawsuit and Consent to Join form regarding the case styled *Rodriguez v. Stage 3 Separation, LLC, et al.*, No. 5:14-603, W.D. Tex. – San Antonio." Plaintiff's counsel shall advise Defendant's counsel of the date of the first mailing or emailing of the Notice within one business day of the day the Notices were mailed and/or emailed, whichever is earlier.

6.    Potential class members shall have 60 days from the date of the first mailing or emailing of the Notice to opt in to the litigation as party plaintiffs.

7.    Plaintiff's counsel may send a reminder Notice by mail and/or email thirty (30) days after the first mailing or emailing under the same conditions as the first Notice.

8.      Until the 60-day Notice Period expires, counsel for the Plaintiff shall not mail, or use any other method of communication, to initiate contact regarding any aspect of this lawsuit with any of Defendants' current or former employees whose names appear on the lists provided under paragraph 2, except as otherwise ordered or authorized by this court. Nothing in this order shall be construed to prevent Plaintiff's counsel from responding to communications initiated by potential opt-in plaintiffs respecting this lawsuit.

9.      This Order shall have no effect on the statute of limitations applicable to any party, and shall not be construed as a ruling that Plaintiff, or any of the potential opt-in plaintiffs, are entitled to a three-year limitations period in this case.

10.     Defendants have reserved the right to file a motion to decertify the collective action at an appropriate time.

**SIGNED** March 16, 2015.


_____
ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE