UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT RODRIGUEZ, on Behalf of Himself and Others Similarly Situated, | ] CASE NO. 5:14-603-RP |
| *Plaintiff*, | ] |
| v. | ] COLLECTIVE ACTION |
| STAGE 3 SEPARATION, LLC, *et al.*, | ] |
| *Defendants*. | ] |

# SECOND AMENDED COMPLAINT

## SUMMARY

1. Stage 3 Separation, LLC ("Stage 3"), Insperity PEO Services, L.P. ("Insperity"), and Fred Lausen, Jr. ("Lausen") (collectively, "Defendants") do not pay overtime to solids control workers they jointly employ as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA). Instead, Defendants pay these workers a flat amount for each day worked. Because Defendants' payroll practice violates the overtime provisions of the FLSA, Rodriguez brings this collective action to recover unpaid overtime wages and other damages owed to these workers.

## JURISDICTION & VENUE

2. This Court has federal question subject matter jurisdiction. *See* 28 U.S.C. § 1331 & 29 U.S.C. § 216(b).

3. Venue is proper because one or more Defendants reside, and do business, in this District and a substantial part of the events alleged herein occurred in this District. *See* 28 U.S.C. §§ 1391 (b) & (c). Moreover, Rodriguez worked in and is a resident of this District and Division.

**PARTIES**

4. Stage 3 is a closed loop solids control company that serves the oil and gas industry.[1] To provide these services, Stage 3, along with Insperity and Lausen, employed and/or jointly employed Rodriguez and the Class Members as solids control technicians. Solids control technicians are blue collar oilfield workers who maintain and operate equipment (centrifuges, desanders, desilters, etc.) that remove solids from drilling mud.

5. Insperity is a Professional Employment Organization ("PEO").[2] Insperity served as Stage 3's human resources department. Insperity, along with Stage 3 and Lausen, employed and/or jointly employed Rodriguez and the Class Members.

6. Rodriguez was a solids control technician employed and/or jointly employed by Defendants within three years of filing this lawsuit. He is a resident of Texas, and worked in Texas throughout his employment. Rodriguez's written consent to this action is on file.

7. Rodriguez brings this action on behalf of himself and all other similarly situated solids control technicians who were paid on Defendants' day rate system. Defendants identify their solids control technicians by the following job titles: "Trainee," "Tech 2," "Tech 1," "Site Leader," and "Field Leader." These employees are collectively referred to herein as the "Class Members."

8. Lausen is the president and CEO of Stage 3. He employed and/or jointly employed, along with Stage 3 and Insperity, Rodriguez and the Class Members.

---

[1] *See* http://s3s.com/

[2] *See* http://www.insperity.com/

## FACTS

9. Rodriguez and the Class Members maintained and operated solids control equipment during their employment with Defendants. Rodriguez's official job title was "Tech 2."

10. In each of the past three years, Stage 3's gross revenues exceeded $500,000.

11. Over the past three years, Stage 3 employed and/or jointly employed hundreds of individuals – including Rodriguez – as solids control technicians across Texas. Stage 3's employees routinely handle goods or materials – such as hard hats, tools, steel toe shoes, automobiles, and cell phones – that moved in, or were produced for, interstate commerce.

12. Stage 3 is a covered enterprise under the FLSA and is subject to its requirements.

13. In each of the past three years, Insperity's gross revenues well exceeded $500,000. Insperity's revenues in 2014 were $2.4 billion.

14. Over the past three years, Insperity employed thousands. These employees routinely handle goods or materials – such as phones, computers, copying machines, and office supplies – that moved in, or were produced for, interstate commerce.

15. Insperity is a covered enterprise under the FLSA and is subject to its requirements.

16. Insperity is a PEO that "co-employs," along with Stage 3 and Lausen, the Solids Control Technicians. Insperity provided "full-service HR" to Stage 3 including, but not limited to: payroll administration, employee benefits administration, employee training, recordkeeping, setting compensation, developing compensation plans, administering employment policies and procedures, handling unemployment claims, and administering the hiring and firing processes.

17. Insperity "reserves a right of direction and control over [Rodriguez and the Class Members], including a right to hire or terminate, and a right to resolve workplace disputes not subject to a collective bargaining agreement." Insperity actually exercised its right of direction and control by hiring and terminating its joint employees and resolving their workplace disputes.

18. Upon termination, Rodriguez and the Class Members were required to contact Insperity to "inquire whether a position exists at another client location," because a "failure to contact Insperity may affect [their] ability to collect unemployment."

19. Insperity maintained workers' compensation coverage for Rodriguez and the Class Members and represented it was their employer to the IRS.

20. Rodriguez and the Class Members were required to abide by Defendants' employment policies.

21. Defendants, at all relevant times, paid Rodriguez and the Class Members a day rate for the work they perform. They maintain employment records on them, and can terminate their employment.

22. As President and CEO, Lausen maintains operational control over Stage 3. For example, Lausen: determines the pay rates applicable to Rodriguez and the Class Members; makes hiring and firing decisions regarding the Rodriguez and the Class Members; and sets employment policies applicable to Rodriguez and the Class Members. Lausen had the authority to prevent the FLSA violations giving rise to Rodriguez's and the Class Members' damages.

23. As nonexempt employees, Rodriguez and the Class Members were entitled to overtime pay equal to one and one-half times their regular rates of pay for hours worked in excess of forty in a workweek.

24. Defendants, however, paid Rodriguez and the Class Members a flat amount per day for days they worked. Defendants did not pay Rodriguez and the Class Members the additional overtime premium required by the FLSA.

25. Defendants attempted to conceal their unlawful day-rate payroll policy with creative paystub accounting. Rodriguez's and the Class Members' gross pay each period was simply the product of their day rate times the number of days they worked in the period. However, Defendants

reverse engineered three sub-categories of pay that totaled the day rate pay. The effect of these subcategories was to give the appearance that Defendants paid $9 per hour as "regular pay," an additional amount as "special pay," and "overtime" based on these false rates, when in reality, Defendants simply paid a day rate with no overtime in violation of the FLSA.

26. Stage 3 and Lausen sought and obtained Insperity's advice about how to compensate Rodriguez and the Class Members. Insperity helped Stage 3 and Lausen develop the compensation structure, including the "special pay" formula used to reverse engineer the paystubs to give the appearance Defendants were not paying a day rate.

27. Defendants further violated the FLSA by paying about one-third of Rodriguez's and the Class Members' day-rate as "per diem" on a separate check so as to not include it in overtime, not even in Defendants' fake overtime calculations.

28. Rodriguez and the Class Members were non-exempt employees. While their precise job duties may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of 40 in a workweek. Furthermore, the Class Members, whether working as a "Trainee," "Tech 2," "Tech 1," "Site Leader," or "Field Leader," perform similar job duties related to operating and maintaining solids control equipment.

29. An employer can pay non-exempt employees on a day rate basis if the employee receives overtime pay for hours worked in excess of 40 in a week. 29 C.F.R. § 778.112.

30. Defendants regularly scheduled Rodriguez and the Class Members to work twelve-hour shifts – known in the oilfield as "tours" – seven days per week, for a total of 84 hours per week. Rodriguez and the other Solids Control Technicians regularly worked 84 hours per week or more.

31. Defendants knew Rodriguez and the Class Members worked more than 40 hours in a week. Defendants' records, which show days worked, reflect this fact, though Defendants did not keep records of the actual hours worked.

32. It is well established that blue collar workers – like Rodriguez and the Class Members – are not exempt from the overtime provisions of the FLSA. Defendants knew Rodriguez and the Class Members were not exempt from the FLSA's overtime provisions (or the provisions of any similar state overtime laws).

33. Defendants knew they paid Rodriguez and the Class Members a day rate.

34. Nonetheless, Defendants did not pay Rodriguez and the Class Members overtime for hours worked in excess of forty in a workweek.

35. Defendants received several complaints from Rodriguez and the Class Members about Defendants' failure to pay overtime. Defendants, however, failed to correct their payroll policy.

### COLLECTIVE ALLEGATIONS

36. Defendants' policy of paying non-exempt workers a day rate, with no overtime pay, violates the FLSA.

37. Defendants' policy of paying a day rate with no overtime pay affects Rodriguez and the Class Members in a similar manner because, as explained above, they perform similar, non-exempt job duties related to the maintenance and operation of solids control equipment and they regularly work over forty hours per week. Accordingly, they are each owed overtime pay for the same reason. Rodriguez and the Class Members are similarly situated for the purposes of their overtime claims.

38. The Court has conditionally certified the following class:

> All current and former Stage 3 Separation, LLC employees who worked in any of the following positions at any time during the last three years from [March 16, 2015]: Field Techs, Solid Control Tech, Trainee, Tech 2, Tech 1, Service Tech, Site Leader or Field Leader.

### CAUSE OF ACTION – VIOLATION OF THE FLSA

39.    By failing to pay Rodriguez and the Class Members overtime at one-and-one-half times their regular rates, Defendants violated the FLSA's overtime provisions.

40.    Defendants owe Rodriguez and the Class Members the difference between the rate actually paid and the proper overtime rate for all overtime hours worked. Because Defendants knew, or showed reckless disregard for whether, their pay practices violated the FLSA, they owes these wages for at least the past three years.

41.    Defendants also owe Rodriguez and the Class Members an amount equal to the unpaid overtime wages as liquidated damages.

42.    Rodriguez and the Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

### PRAYER

Wherefore, Rodriguez prays for relief as follows:

1.    An order allowing this action to proceed as a representative collective action under the FLSA;

2.    Judgment awarding Rodriguez and the Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

3.    A service award for Rodriguez as permitted by law;

4.    Pre- and post-judgment interest at the highest rate allowable by law; and

5.    All such other and further relief to which Rodriguez and the Class Members may show themselves to be justly entitled.

        Respectfully submitted,

        **BRUCKNER BURCH PLLC**

        **/s/ David I. Moulton**
By: _____
        David I. Moulton
        Texas Bar No. 24051093
        *Attorney-In-Charge for Plaintiffs*
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
dmoulton@brucknerburch.com

## CERTIFICATE OF SERVICE

A copy of Plaintiffs' Amended Complaint was served on Stage 3 via the Court's ECF System.

        **/s/ David I. Moulton**
        _____
        David I. Moulton