UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT RODRIGUEZ, on Behalf of Himself and Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>STAGE 3 SEPARATION, LLC, *et al.*,<br><br>*Defendants*. | CASE NO. 5:14-603-RP<br><br><br><br>COLLECTIVE ACTION |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Robert Rodriguez, on behalf of himself and 163 additional plaintiffs who have opted in to join this case (collectively, "Plaintiffs") and Stage 3 Separation, LLC, Fred Lausen, Jr., and Insperity, Inc., (collectively, "Defendants") (Plaintiffs and Defendants together referred to as the "Parties") have reached a ("Settlement Agreement") with respect to this Fair Labor Standards Act ("FLSA") case. The Settlement Agreement represents the culmination of months of discovery, investigation, litigation and negotiation. If approved, it will provide meaningful relief to those affected. Because the terms of the Settlement Agreement are confidential, Plaintiffs are concurrently filing a motion for leave to file it under seal.

This Settlement Agreement is the compromise of disputed claims and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiffs' rights or of any duty owed by Defendants to Plaintiffs. Defendants expressly deny having engaged in any wrongdoing or unlawful conduct in this matter; disputes Plaintiffs' entitlement to recover any damages; and disagrees with Plaintiffs as to, for example and without limitation: the number of hours Plaintiffs actually worked; whether

Plaintiffs were paid overtime for any hours worked over forty in a workweek; whether per diem payments to Plaintiffs should have been included in their regular rates for purposes of overtime payment; whether Defendants' alleged FLSA violations were made in good faith; whether Defendants' alleged FLSA violations were willful; and Plaintiffs' status as "employees" of Insperity. The Parties have entered into this Settlement Agreement as a compromise to avoid the risks, distractions and costs that will result from further litigation.

The Parties jointly request the Court approve the Parties' Settlement Agreement and dismiss with prejudice.

### 1. The Settlement Agreement.

The Settlement Agreement was signed by the parties on November 11, 2015. The parties are concurrently filing a motion for leave to file the Settlement Agreement under seal because of its confidential nature.

If the Court approves the Settlement, Stage 3 will deposit the settlement amount into a Qualified Settlement Fund ("QSF") within 10 days for distribution to Plaintiffs and Plaintiffs' counsel in accordance with the terms of the Settlement Agreement. One-half of each Plaintiff's individual settlement amount will be characterized as wages and the other half as liquidated damages and interest for tax withholding and reporting purposes. No money reverts back to Stage 3. Any amounts remaining in the QSF after one year will be turned over to Texas unclaimed property. In addition, to the settlement payment, Stage 3 will pay the employer's portion of any payroll taxes due. Plaintiffs release their wage and hour claims and the named Plaintiff Rodriguez gives a broader release.

### 2. The Settlement Represents a Reasonable Compromise of this Litigation.

This Settlement provides each Plaintiff with the opportunity to recover a percentage of their alleged unpaid overtime wages, <u>net</u> of attorney's fees and costs, which is commensurate with the disputed nature of the Plantiffs' claims. None of the amounts being offered to the workers covered by the Settlement will be further reduced for attorney's fees, expenses or administrative costs. The actual amounts to be distributed to the Plaintiffs is attached to Settlement Agreement, which the parties intend to file under seal.

The Parties and their counsel agree the Settlement Agreement is a fair and reasonable compromise of the claims alleged by Plaintiffs in light of the procedural posture of the case, the litigation risks and the costs applicable to all Parties. The Parties engaged in arm's-length and extended settlement negotiations, including a full-day mediation with Annie Marie Esteves of Morgan Lewis. Because the Settlement is a fair and reasonable compromise and adequately compensates the participants for the unpaid overtime hours alleged by the Plaintiffs, the Parties seek entry of the enclosed Order Approving Settlement.

Further, all Parties are represented by experienced counsel. Plaintiffs' counsel have served as lead counsel in numerous large-scale wage and hour class/collective actions. *See, e.g., Roussell v. Brinker Int'l, Inc.*, 09-20561, 2011 WL 4067171 (5th Cir. Sept. 14, 2011) (affirming jury verdict in FLSA collective action); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (affirming summary judgment in favor of a nationwide class of FLSA plaintiffs). Defense counsel have defended numerous large-scale wage and hour class and collective actions. *See, e.g.*, *Gate Guard Servs., L.P. v. Perez*, Civ. Act. No. 6:10-cv-91, 2014 WL 1379189 (S.D. Tex. Apr. 7, 2014) (awarding attorney's fees in excess of $500,000 to Gate Guard Services, L.P. because the U.S. Department of Labor's allegation that the workers were misclassified as

independent contractors was not substantially justified); *Gate Guard Servs., L.P. v. Solis*, Civ. Act. No. V-10-91, 2013 WL 593418 (S.D. Tex. Feb. 13, 2013) (granting summary judgment in favor of oilfield services company in FLSA collective action where U.S. Department of Labor alleged that several hundred gate attendants were misclassified as contractors); *Valdez v. Cox Commc'ns Las Vegas, Inc.*, No. 2:09-CV-01797-PMP, 2012 WL 1203726, at *6 (D. Nev. Apr. 11, 2012) (granting summary judgment that the defendant, Cox Communications, was not the joint employer of the plaintiffs); *In re Wells Fargo Litigation*, No. 11-2266 (S.D. Tex. Nov. 4, 2015) (granting summary judgment in multi-district litigation in favor of employer on overtime claims of 1,500 employee across the country). Because the parties are represented by experienced counsel, the parties respectfully submit the Court may rely upon their judgment as to the benefits under the settlement in relation to the risks of litigation and trial. *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977).

### 3. The Attorneys' Fees and Litigation Expenses are Reasonable.

As part of the Settlement, the Parties have agreed that Plaintiffs' counsel may apply to the Court for an award of attorney's fees and costs of forty percent the gross Settlement amount without objection from Defendants. That percentage is also pursuant to a contingency arrangement in the Professional Services Agreement between the Plaintiffs and the Plaintiffs' Counsel.

In the Fifth Circuit, the "customary contingency" is the range of 35 to 40%.[1] *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). Further, "the most critical factor in determining a fee award is the degree of success obtained." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003). The degree of success here is high because Defendants

---

[1] The Fifth Circuit notes this was the customary fee for cases "against the government," but Plaintiffs' counsel do not believe this distinction to be material.

vehemently deny the that the Plaintiffs were improperly paid, underpaid, or that any alleged damges are owed, and the Plaintiffs have litigated in excess of one year before the matter could be settled through mediation. Accordingly, the Plaintiffs believe a fee of forty percent is reasonable. Plaintiffs' counsel also seeks reimbursement of their litigation expenses, which are $19,906.

### 4. The Proposed Service Award is Reasonable.

The proposed Service Award of $7,500 to Plaintiff Robert Rodriguez is intended to recognize his initiative and efforts on behalf of the workers and his execution of a broad release (as opposed to the limited releases executed by the remainder of the class members). Rodriguez was subject to extensive written discovery, was deposed, provided information helpful to the case, and otherwise contributed to the overall litigation. The modest amount of the requested payment is reasonable.

A proposed Order approving the Settlement and dismissing this case with prejudice is attached.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

**/s/ David I. Moulton**
By:_____
David I. Moulton
Texas Bar No. 24051093
8 Greenway Plaza, Suite 1500
Houston, TX 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
dmoulton@brucknerburch.com
**Attorney for Plaintiffs**

**CHAMBERLAIN HRDLICKA**
**WHITE WILLIAMS & AUGHTRY**

By: ***/s/ Annette A. Idalski by permission***
_____
 Annette A. Idalski
 Texas Bar No. 00793235
 Federal I.D. No. 1130754
 F. Beau Howard
 Georgia Bar No. 142641
191 Peachtree Street, N.E., 34th floor
Atlanta, GA 30303-1747
Telephone: (404) 658-5386
annette.idalski@chamberlainlaw.com
beau.howard@chamberlainlaw.com
**Attorneys for Defendants Stage 3 Separation, LLC and Fred Lausen, Jr.**

L ITTLER M ENDELSON, P.C.

By: ***/s/ David Jordan by permission***
_____
 David Jordan
 State Bar No. 24032603
1301 McKinney Street
Suite 1900
Houston, TX 77010
(713) 652-4784
(713) 951-9212 (fax)
djordan@littler.com
**Attorney for Defendant Insperity, Inc.**

### CERTIFICATE OF SERVICE

 On November 20, 2015 the foregoing was served on all parties via the Court's ECF system.

 **/s/ David I. Moulton**
 _____
 David I. Moulton